UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDWEISS LAW CENTER, P.C.,

    Plaintiff,

v.                                         Case No. 2:07-CV-10099-DT

E. HAROLD BUNTING,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MARCH 19, 2007 "MOTION"**

On March 19, 2007, the court received a document from Defendant E. Harold Bunting, which has been docketed as a "Motion to Set Aside Clerk's Entry of Judgment by Default." The document consists of a one-paragraph argument and appears to be some sort of challenge to the court's February 28, 2007 order, in which the court granted default judgment to Plaintiff. In his current document, Defendant "object[s] to the default due to the circumstances that [he is] under." (*See* Dkt. # 14.) Defendant also states that he has submitted an answer and does not know "what [he] did wrong," and requests a copy of the Federal Rules of Civil Procedure. (*Id.*)

It is unclear to the court whether Defendant's March 19, 2007 document is correctly labeled as a motion to set aside a default judgment or as a motion for reconsideration. Nonetheless, however it is interpreted, Defendant has once again failed to comply with the local rules, which require parties to seek relief in *motions* accompanied by briefs. E.D. Mich. LR 7.1(a), (c). The court has previously cautioned Defendant that filings with the court must comply with the appropriate rules:

> If Defendant seeks relief of some sort, the appropriate procedure is to file
> a motion, perhaps accompanied by documents, with the clerk's office in

>compliance with the local rules.  Moreover, a copy of any documents filed with the court must also be provided to Plaintiff's counsel.  Even if Defendant continues to represent himself *pro se* (without being represented by an attorney), he must still abide by the Federal Rules of Civil Procedure and the court's local rules.

(2/13/07 Order at 4-5.)

Equally problematic, Defendant has failed to establish that he is entitled to relief under E.D. Mich. LR 7.1(g)(3)[1] or under Fed. R. Civ. P. 55 or 60.[2]  Defendant was directed to file an Answer, clearly labeled as an Answer and fully responding to Plaintiff's allegations, paragraph by paragraph, by February 23, 2007.  Defendant failed to comply with this directive.  (2/28/07 Order at 1-2.)  The court specifically warned Defendant that if he did not submit a clearly labeled Answer, containing any and all affirmative defenses and complying with the Federal Rules of Civil Procedure and the local rules of this court, Defendant could face the entry of a default judgment against

---

[1] Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

[2] Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  When evaluating a motion to set aside a default, the court should consider three factors: (1) whether the default was the result of the defendant's willful or culpable conduct; (2) whether the plaintiff would be prejudiced by setting aside the judgment; and (3) whether the defendant presented any meritorious defenses following the default.  *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).

him.  (2/13/07 Order at 5-6.)  Defendant was properly served and failed to timely file an answer despite multiple opportunities (and a court order) to do so.  (2/28/07 Order 1-2.)

In his March 19, 2007 document, Defendant does not establish a palpable defect by which this court has been misled, nor does he set forth facts entitling him to relief under Fed. R. Civ. P. 55 or 60.  Defendant's *pro se* status, in and of itself, does not entitled him to disregard the federal or local rules, or the orders of this court.  For all of these reasons, any request for relief found within Defendant's March 19 document fails in both form and substance.  Accordingly,

IT IS ORDERED that Defendant's March 19, 2007 document, docketed as a "Motion to Set Aside Clerk's Entry of Judgment by Default," [Dkt. # 14] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 11, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 11, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522